

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 23, 1947

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-461

Re: The designation of the
"station" of a State
employee as affecting
reimbursement of trav-
el expenses.

Dear Sir:

Reference is made to your letter of October 20, requesting the opinion of this office concerning the authority of the State Soil Conservation Board to designate as the "headquarters" of an employee a place at which no official duties are expected to be performed.

Section 2, (11)b of the general provisions appended to Senate Bill No. 391, Regular Session, 50th Legislature, 1947, being the General Appropriations Bill for State departments and agencies, provides:

"The Comptroller shall not pay, and no State officer or employee of any of the departments or other agencies of the government shall include in his traveling expense account any amounts for meals and/or lodging incurred within the city or town where such officer or such employee is stationed. Such employees as are stationed away from their main office or headquarters who are not allowed traveling expenses where so stationed shall be allowed such expenses when called to their main office."

The words "station" and "headquarters" in the above rider are not used in any technical sense, but in the ordinary accepted meaning. (Revised Civil Statutes, Article 10, Subsection 1). Giving to these words their ordinary meaning, in the light of the context, the word

"headquarters" contemplates the principal office of the agency employing the individual in question, while the word "station" contemplates the place where the employee is required by law to perform his duties, or where he is by authority of law given a place at which he is to perform his duties, and from and to which he shall go as his duties require. The purpose of stationing officers and employees in connection with the discharge of their duties is to afford the most economical and effective means of servicing the State's business throughout the entire geographic limits of the State. The place at which the employee is "stationed" does not necessarily mean the employee's ordinary home, although an employee might be stationed at his ordinary residence if the placing authority thought it advisable that the employee discharge his official duties at or from that location. Such place of "stationing" cannot be considered synonymous with the term "headquarters". The headquarters for Texas State Soil Conservation Board is in Temple, whereas it appears that the Board has district supervisors who are "stationed" at various cities throughout the State.

It is not contemplated that the stationing of an employee must be permanent for any definite period of time. It is sufficient that there be a manifestation of an intentional, definite placement, as distinguished from a direction for the performance of a single isolated service. The stationing might be expressly temporary or it might be expressly permanent at the discretion of the placing authority, and the intention of the placement authority in stationing its employees would be a governing factor. A temporary stationing might be changed to another temporary stationing or to a permanent one, and even a "permanent" station would be only relatively so, indicating a stationing with no present stated limitation as to duration.

No stationing of an employee is contemplated except that which has connection with the discharge of official duties of the employee. In other words, the station of an employee means the place from which he officially operates and to which he returns in the discharge of the duties of his employment. It is our opinion that the Texas Soil Conservation Board is not authorized to designate as the station of an employee a place at which or from which no official duties are

Hon. Geo. H. Sheppard, Page 3   V-461

expected to be performed.  It is authorized to designate the place from which its district supervisors will operate in their assigned territories, but it is without authority to designate as the station of an employee a place at which no official functions are contemplated.

We shall not endeavor to apply the opinions above enunciated to any given fact situation, as we trust you will have no difficulty in establishing the necessary facts to which these principles may be applied.

## SUMMARY

The Texas State Soil Conservation Board is not authorized to designate as the "station" of an employee a place at which no official duties are expected to be performed, but it is authorized to designate such place from which its employees will operate officially in the performance of their contemplated duties.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  David B. Irons
Administrative Assistant

DBI:bb

APPROVED:

Joe R. Greenhill,
Executive Assistant
ATTORNEY GENERAL